IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

SYLVESTER C. HALL                                                   PLAINTIFF

v.                              No. 3:25-cv-14-DPM

JOHN BELL; PHIL REYNOLDS;
and BOOKER PENNINGTON                                              DEFENDANTS

ORDER

In November 2016, Sylvester Hall pleaded guilty to fourteen counts of theft of property in the Woodruff County Circuit Court. *State v. Hall*, No. 74CR-15-77. In February 2023, he pleaded guilty to more crimes: being a felon in possession of a firearm (No. 74CR-21-55) and theft of property (No. 74CR-21-46). *Doc. 1 at 24–25*. John Bell was the prosecuting attorney in all three cases. Hall has sued Bell (and others) under 42 U.S.C. § 1983 and state tort law. He also contends that Bell committed various federal crimes. Bell moves to dismiss Hall's claims against him.

Hall says Bell fabricated criminal charges against him, lied in a search warrant application for his home, refused to return his guns and cell phone, conspired with the judge to imprison him, extorted $100,000 from him, and slandered him by telling the public and his employer about his criminal charges. He also says Bell showed up to court drunk. *Doc. 1 at 1–5*. The Court has taken the pleaded facts as true and drawn

all reasonable inferences in Hall's favor. *Cook v. George's, Inc.*, 952 F.3d 935, 938 (8th Cir. 2020). The Court has also taken judicial notice of the state court files in his criminal cases. They are public records.

Hall's official capacity claims against Bell are really against the State of Arkansas. *Will v. Michigan Department of State Police*, 491 U.S. 58, 71 (1989). So he can't sue for damages. *Grant v. City of Blytheville*, 841 F.3d 767, 772 n.3 (8th Cir. 2016). And prospective injunctive relief isn't available because Hall hasn't alleged an ongoing violation of federal law. *Papasan v. Allain*, 478 U.S. 265, 277–78 (1986). These claims are barred by the Eleventh Amendment.

His individual capacity claims also fail. Many of Bell's actions—filing charges, applying for a search warrant, appearing in court, and seeking prison time for Hall—were part of his core prosecutorial duties. *Sample v. City of Woodbury*, 836 F.3d 913, 916 (8th Cir. 2016). Bell is therefore absolutely immune from any liability arising out of that conduct. *Ibid.*

Bell's out-of-court statements about Hall's criminal charges are not entitled to absolute prosecutorial immunity. *Buckley v. Fitzsimmons*, 509 U.S. 259, 278 (1993). But Hall's slander claim fails because Bell's statements were true—Hall had been charged with many crimes. *Pritchard v. Times Southwest Broadcasting, Inc.*, 277 Ark. 458, 463, 642 S.W.2d 877, 879 (1982).

Hall also hasn't stated a claim based on his seized property or the $100,000 he had to pay. His guns were forfeited to the State (and the gun he stole was returned to its owner) as part of his sentence in case No. 74CR-21-55. Bell is not withholding them. The state court imposed $10,000 in fines and $90,000 in restitution as part of his sentence in case No. 74CR-15-77. Bell did not extort him. It isn't clear what happened to Hall's cell phone, which was apparently seized from his home pursuant to a search warrant. *Doc. 1 at 3*. The unjustified retention of seized evidence can constitute a due process violation. *Rodgers v. Knight*, 781 F.3d 932, 941 (8th Cir. 2015). But Hall gives no details about when his phone was seized, who seized it, and whether he sought its return. *See* Ark. R. Crim. P. 15.2.

Last, as a private citizen, Hall can't prosecute Bell for conduct he believes is criminal. *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973). His claims based on 18 U.S.C. § 1962 (RICO) and 18 U.S.C. §§ 241 & 242 (civil rights offenses) therefore lack merit.

*       *       *

Motion to dismiss, *Doc. 12*, granted. Hall's claims against Bell are dismissed without prejudice; and Bell is dismissed as a defendant.

So Ordered.

*JPMarshall Jr.*
D.P. Marshall Jr.
United States District Judge

22 May 2025