**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**NORTHERN DIVISION**

**SYLVESTER C. HALL** **PLAINTIFF**

**v.** **No. 3:25-cv-14-DPM**

**PHIL REYNOLDS** **DEFENDANT**

**ORDER**

**1.** Hall's motion for reconsideration about service, *Doc. 38*, is denied. His duplicative motion, *Doc. 39*, is denied as moot. He didn't provide valid service addresses for the dismissed defendants initially, *Lee v. Armontrout*, 991 F.2d 487, 489 (8th Cir. 1993) (*per curiam*); and he didn't provide alternative addresses when instructed to do so. *Doc. 21 at 2; Doc. 25.*

Hall says he advised the Court that Circuit Judge Morledge, Prosecuting Attorney Murray, and Deputy Prosecuting Attorney Ladd "were employed at the same facility where Defendant John Bell was successfully served." *Doc. 38 at 2.* He did so. That facility is the Woodruff County Courthouse in Augusta. The difficulty is that Judge Morledge and Prosecutor Murray work in all six counties in the First Judicial Circuit. Deputy Prosecutor Ladd works in several of those counties. The Woodruff County Courthouse is not the primary office for any of these individuals. It was Hall's obligation to provide a solid

office or home address for the Marshal to attempt service by mail on each of them again. He did not do so.

**2.** Hall's request for a change of venue denied, too. His concerns about public confidence in the judiciary and the appearance of fairness do not justify transferring the case. 28 U.S.C. § 1404(a); *Terra International, Inc. v. Mississippi Chemical Corp.*, 119 F.3d 688, 696 (8th Cir. 1997).

**3.** The Court notes *Doc. 40 & 41*. Please follow the procedure outlined in the Final Scheduling Order, *Doc. 34 at 3*, for any discovery disputes. A note: All parties must follow the Federal Rules of Civil Procedure, including Rule 26(a)'s requirements for disclosures.

So Ordered.

D.P. Marshall Jr.
United States District Judge

30 August 2026